MOTION UNDER 28 U.S.C. § 2244 FOR ORDER AUTHORIZING DISTRICT COURT TO CONSIDER
SECOND OR SUCCESSIVE APPLICATION FOR RELIEF UNDER 28 U.S.C. §§ 2254 OR 2255

FILED
DEC 14 2012
U.S. Court of Appeals
Fourth Circuit

# United States Court of Appeals for the Fourth Circuit

| Name of Movant | Prisoner Number | Case Number (leave blank) |
|---|---|---|
| Nacoe Ray Brown | Reg No. 34730-037 | 12-394 |
| **Place of Confinement** | | |
| FCI McDowell | | |

IN RE:   Nacoe Ray Brown                                                      , MOVANT

1. Name and location of court which entered the judgment of conviction from which relief is sought:

   U.S. District Court District of Maryland (Baltimore)

2. Parties' Names: USA vs. Brown
3. Docket Number: 1:01-cr-00377-JFM-1    4. Date Filed: December 5, 2012
5. Date of judgment of conviction: December 17, 2002    6. Length of sentence: 300 months
7. Nature of offense(s) involved (all counts):

   Counts 2, 3, 4: 18:2113A.F BANK ROBBERY; 18:2 Aiding & Abetting

8. What was your plea? (Check one)  ☑ Not Guilty   ☐ Guilty   ☐ Nolo Contendere
9. If you pleaded not guilty, what kind of trial did you have? (Check one)  ☐ Jury   ☐ Judge only
10. Did you testify at your trial? (Check one)  ☐ Yes   ☑ No
11. Did you appeal from the judgment of conviction? (Check one)  ☑ Yes   ☐ No
12. If you did appeal, what was the

    Name of court appealed to: United States Court of Appeals for the Fourth Circuit
    Parties' names on appeal: Nacoe Ray Brown vs. USA
    Docket number of appeal: 03-4060    Date of decision: 4/30/04
    Result of appeal: The United States Court of Appeals affirmed the judgement of the District Court.

13. Other than a direct appeal from the judgment of conviction and sentence, have you filed any other petitions, applications for relief, or other motions regarding this judgment in any federal court?  ☑ Yes   ☐ No

14. If you answered "Yes" to question 13, answer the following questions:

    A. FIRST PETITION, APPLICATION, OR MOTION

    (1) In what court did you file the petition, application, or motion? **U.S. District Court District of Maryland (Baltimore)**

    (2) What were the parties' names? **Nacoe Ray Brown** vs. **United States of America**

    (3) What was the docket number of the case? **Civil Action AMD-04-3500**

    (4) What relief did you seek? **Vacate, Set Aside, or Correct Sentence**

    (5) What grounds for relief did you state in your petition, application, or motion?
**Prosecutorial Misconduct, Ineffective Assistance of Counsel**

    (6) Did the court hold an evidentiary hearing on your petition, application or motion? ☐ Yes ☑ No

    (7) What was the result? ☐ Relief granted ☑ Relief denied on the merits
                           ☐ Relief denied for failure to exhaust ☐ Relief denied for procedural default

    (8) Date of court's decision: **4/5/06**

    B. SECOND PETITION, APPLICATION, OR MOTION

    (1) In what court did you file the petition, application, or motion? **U.S. District Court District of Maryland (Baltimore)**

    (2) What were the parties' names? **Nacoe Ray Brown** vs. **United States of America**

    (3) What was the docket number of the case? **JFM-11-cv-1166**

    (4) What relief did you seek? **Sought an Order vacating the Order, which denied Petitioner's 2255 Motion.**

    (5) What grounds for relief did you state in your petition, application, or motion?
**Judge Davis had personal knowledge of disputed evidentiary facts.**

    (6) Did the court hold an evidentiary hearing on your petition, application or motion? ☐ Yes ☑ No

    (7) What was the result? ☐ Relief granted ☑ Relief denied on the merits
                           ☐ Relief denied for failure to exhaust ☐ Relief denied for procedural default

    (8) Date of court's decision: **1/12/12**

    C. THIRD AND SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS
For any third or subsequent petition, application, or motion, attach a separate page providing the information required in items (1) through (8) above for first and second petitions, applications, or motions.

14. If you answered "Yes" to question 13, answer the following questions:

   A. FIRST PETITION, APPLICATION, OR MOTION

   (1) In what court did you file the petition, application, or motion?  U.S. District Court District of Maryland (Baltim

   (2) What were the parties' names?  Nacoe Ray Brown  vs.  United States of America

   (3) What was the docket number of the case?  Civil Action AMD-04-3500

   (4) What relief did you seek?  Vacate, Set Aside, or Correct Sentence

   (5) What grounds for relief did you state in your petition, application, or motion?

   (6) Did the court hold an evidentiary hearing on your petition, application or motion?  ☐ Yes  ☒ No

   (7) What was the result?  ☐ Relief granted  ☒ Relief denied on the merits

   ☐ Relief denied for failure to exhaust  ☐ Relief denied for procedural default

   (8) Date of court's decision:  4/5/06

   B. SECOND PETITION, APPLICATION, OR MOTION

   (1) In what court did you file the petition, application, or motion?  U.S. District Court District of Maryland (Balti

   (2) What were the parties' names?  Nacoe Ray Brown  vs.  United States of America

   (3) What was the docket number of the case?  JFM-11-cv-1166

   (4) What relief did you seek?  Sought an Order Vacating the Order, which denied Petitioner's 2255 Motion.

   (5) What grounds for relief did you state in your petition, application, or motion?
   PROSECUTORIAL MISCONDUCT, INEFFECTIVE ASSISTANCE OF COUNSEL

   (6) Did the court hold an evidentiary hearing on your petition, application or motion?  ☐ Yes  ☒ No

   (7) What was the result?  ☐ Relief granted  ☒ Relief denied on the merits

   ☐ Relief denied for failure to exhaust  ☐ Relief denied for procedural default

   (8) Date of court's decision:  1/12/12

   C. THIRD AND SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS
   For any third or subsequent petition, application, or motion, attach a separate page providing the information required in items (1) through (8) above for first and second petitions, applications, or motions.

D. PRIOR APPELLATE REVIEW(S)
Did you appeal the results of your petitions, applications, or motions to a federal court of appeals having jurisdiction over your case? If so, list the docket numbers and dates of final disposition for all subsequent petitions, applications, or motions filed in a federal court of appeals.

| | | | |
|---|---|---|---|
| First petition, application, or motion | ☑ Yes | Appeal No. 06-6770 | ☐ No |
| Second petition, application, or motion | ☐ Yes | Appeal No. ___ | ☐ No |
| Subsequent petitions, applications or motions | ☐ Yes | Appeal No. ___ | ☐ No |
| Subsequent petitions, applications or motions | ☐ Yes | Appeal No. ___ | ☐ No |
| Subsequent petitions, applications or motions | ☐ Yes | Appeal No. ___ | ☐ No |
| Subsequent petitions, applications or motions | ☐ Yes | Appeal No. ___ | ☐ No |

If you did not appeal from the denial of relief on **any** of your prior petitions, applications, or motions, state which denials you did not appeal and explain why you did not.




15. Did you present any of the claims in this application in any previous petition, application, or motion for relief under 28 U.S.C. § 2254 or § 2255? (Check one)     ☑ Yes     ☐ No

16. If your answer to question 15 is "Yes," give the docket number(s) and court(s) in which such claims were raised and state the basis on which relief was denied.

    JFM-11-c☐-1166
    Relief was denied, because ☐etitioner☐s four reasons that counsel was ineffecti☐e did ☐not come near a showing sufficient to establish claim under Stric☐land.☐

17. If your answer to question 15 is "No," why not? This Court will grant you authority to file in the district court only if you show that you could not have presented your present claims in your previous § 2254 or § 2255 application because . . .

    A. (For § 2255 motions only) the claims involve "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [you] guilty"; or,

    B. (For § 2254 petitions only) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [you] guilty of the offense"; or,

    C. (For both § 2254 and § 2255 applicants) the claims involve "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court [of the United States], that was previously unavailable."

I did not present the following claims in any previous petition, application, or motion for relief under 28 U.S.C. § 2254:

N/A

I did not present the claims listed above in any previous petition, application, or motion because

my claims involve newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found me guilty of the crimes of which I was convicted.

Movant prays that the United States Court of Appeals for the Fourth Circuit grant an Order Authorizing the District Court to Consider Movant's Second or Successive Application for Relief Under 28 U.S.C. §§ 2254 or 2255.

_____
Movant's Signature

I declare under Penalty of Perjury that my answers to all questions in this Motion are true and correct. Executed on    December 5, 2012
              [date]

_____
Movant's Signature

PROOF OF SERVICE

A copy of this motion and all attachments must be sent to the state attorney general (§ 2254 cases) or the United States Attorney for the United States judicial district in which you were convicted (§ 2255 cases).

I certify that on   December 5, 2012   I mailed a copy of this motion and all attachments
             [date]

to   Barbara S Sale   at the following address:

Office of the United States Attorney, 36 S Charles St., Fourth Fl., Baltimore, MD 21201

_____
Movant's Signature

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| United States of America ) | |
| ) | |
| v. ) | |
| ) | |
| Nacoe Ray Brown ) | Case No. 1:01-cr-00377-JFM-1 |

**ORDER**

Upon consideration of Petitioner's Motion under 28 U.S.C. § 2244 for Order Authorizing District Court to Consider Second or Successive Application for Relief under 28 U.S.C. § 2255, it is this _____ day of _____, hereby ORDERED that Petitioner's motion should be, and is hereby, GRANTED.

_____
J.

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| United States of America ) | |
| ) | |
| v. ) | |
| ) | |
| Nacoe Ray Brown ) | Case No. 1:01-cr-00377-JFM-1 |

**Motion under 28 U.S.C. § 2244 for Order
Authorizing District Court to Consider Successive
Application for Relief under 28 U.S.C. § 2255**

Petitioner, Nacoe Ray Brown, through undersigned counsel, hereby respectfully petitions this Honorable Court pursuant to 28 U.S.C. § 2244(3)(A) to issue an Order authorizing the district court to consider this successive application for relief under 28 U.S.C. § 2255. Petitioner is in federal custody in West Virginia. On December 13, 2002, after a trial in the United States District Court District of Maryland (Baltimore), a jury found Petitioner guilty of three counts of Bank Robbery. The Honorable Andre M. Davis sentenced Petitioner to three hundred (300) months of imprisonment to run concurrently on each count, five (5) years of supervised release, and a special assessment. Petitioner appealed the conviction and, on April 30, 2004, the United States Court of Appeals for the Fourth Circuit denied the appeal.

## ISSUE

Whether the newly-discovered evidence warrants an evidentiary hearing

## BACKGROUND

Critical evidence, which the government used in its case against Petitioner, was stolen sometime during his trial. Before trial, authorities recovered the evidence – more

than $36,000 in cash – from a safe inside the home of Kevin L. Hilliard. Hilliard, a convicted felon, testified as a government witness at Petitioner's trial. Hilliard identified the money as having come from the safe in his home and claimed that he had robbed several banks with Petitioner. After Hilliard identified the money, the government entered it into evidence, and the money was taken out of the courtroom. Then, someone stole it.

## ARGUMENT

I.  **An evidentiary hearing is absolutely necessary to ensure that Petitioner's Constitutional rights were not violated.**

The Federal Bureau of Investigation has provided documentation, which constitutes newly-discovered evidence that, if proven and viewed in light of the evidence as a whole, is sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found Petitioner guilty of the offenses charged. *See 28 U.S.C. § 2255(h)(1)*. 28 U.S.C. § 2255(h)(1) provides that successive § 2255 motions, as in the case before this Honorable Court, must contain "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." *Id.* The Court of Appeals should examine this application to determine whether it contains any claim that satisfies § 2255(h). *See United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003). If any one of Petitioner's claims satisfies such standard, this Court should authorize him to file his entire application with the district court, even if some of the claims in the application do not satisfy the applicable standard. *Id.*

### A. The unreleased FBI documents will establish that Petitioner is not guilty of all of the crimes of which he was convicted.

The Federal Bureau of Investigation ["FBI"] reviewed 1,082 pages in response to Petitioner's requests for documentation about the FBI's investigation into $36,000 of cash stolen during his trial. *See Appendix A*. However, in a letter dated August 3, 2012, the FBI agreed to release only 367 pages of the 1,082 pages reviewed, citing various reasons for not releasing all of the documents. *Id*. The justifications for not releasing all of the documents do not outweigh Petitioner's constitutional rights, which were violated.

Petitioner's application contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." *28 U.S.C. § 2255(h)(1)*. Specifically, the more than 700 pages, which the FBI has not released, will prove that the money, used as evidence to convict Petitioner, was stolen during his trial. Had the jury known that the money was not a part of the evidentiary record and could not be examined, the jurors would not have convicted Petitioner of three counts of Bank Robbery.

There is both a reasonable and actual probability of a different result had the government disclosed the fact of the missing impeachment evidence. The verdict would have been more favorable to Petitioner. If the jurors had known that more than $36,000, which the government moved into evidence during the trial, was missing, they could not reasonably find the Petitioner guilty of the crimes of which he was convicted. On September 5, 2002, during deliberations, the jury specifically asked to see *all* of the

evidence. Judge Davis explained to the jurors that the Court would not send certain items into the jury room and stated,

> If you need to examine any exhibit that was not sent in to you . . . any evidence that was admitted but not sent in, simply send us a note that you want to examine whatever it is, and we will bring you back into the courtroom, as you are now, and . . . we will allow you to examine that exhibit, including passing it among yourselves, if that's what you desire to do.

No one told the jurors that they could not examine the money, or that it was missing. One day later, under the erroneous assumption that all of the evidence was accounted for and available, the jury found Petitioner guilty of three counts of Bank Robbery. If the jury had known that evidence was missing; that the money, including any bank identifications wrapping the money, could not be examined during deliberations; that critical inculpatory evidence, used to corroborate the testimony of Petitioner's alleged partner-in-crime, was not a part of the evidentiary record; the jury would not have, and reasonably could not have, found Petitioner guilty of three counts of Bank Robbery.

### B. The newly-discovered evidence will show that Petitioner's Due Process rights under *Brady v. Maryland*, 373 U.S. 83 (1963), were violated when the government deliberately failed to disclose the fact that the money was stolen during the trial.

The documents, which the FBI has not released, will show that, before the jury returned its verdict, the government knew the evidence was missing. Under the Due Process Clause, the prosecution is required to disclose evidence favorable to an accused upon request, "where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. To prevail on his *Brady* claim, Petitioner must demonstrate (1) that the evidence is favorable, either because it is exculpatory or impeaching; (2) that the government suppressed the

evidence; and (3) that the evidence was material to the defense. *See Strickler v. Greene*, 527 U.S. 263, 281-82 (1999); *Giglio v. United States*, 405 U.S. 150, 154-55 (1972) (including impeachment evidence within the scope of materials that the prosecution must disclose). However, there is no *Brady* violation if the evidence is available to the defense from other sources or the defense already possesses the evidence. *See United States v. Roane*, 378 F.3d 382, 402 (4th Cir. 2004); *Fullwood v. Lee*, 290 F.3d 663, 686 (4th Cir. 2002) ("The *Brady* rule does not compel the disclosure of evidence available to the Petitioner from other sources, including diligent investigation by the defense." (internal quotation marks omitted)). Moreover, there is never a real '*Brady* violation' unless the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict." *Strickler*, 527 U.S. at 281; *see also United States v. Bagley*, 473 U.S. 667, 677 (1985) (Supreme Court precedent does not "automatically require a new trial whenever a combing of the prosecutors' files after the trial has disclosed evidence possibly useful to the defense but not likely to have changed the verdict." (internal quotation marks omitted)). A "reasonable probability" of a different result is shown "when the government's evidentiary suppression 'undermines confidence in the outcome of the trial.'" *Kyles*, 514 U.S. at 434 (quoting *Bagley*, 473 U.S. at 678).

Petitioner's claim meets the three criteria established by the Supreme Court of the United States in *Strickler*. *See Strickler*, 527 at 281-82. First, the evidence, namely the fact that more than $36,000 was missing, is favorable because it would be used for impeachment. That the money was not a part of the evidentiary record would have allowed the defense to impeach the testimony of Hilliard, an important government

witness. Second, the unreleased FBI documents will show that the government suppressed the evidence. The documents will reveal that the government learned of the missing money before the jury had concluded their deliberations; yet the government intentionally failed to disclose the information to Defense Counsel. Lastly, the fact that more than $36,000 went missing was material to Petitioner's defense. At trial, the government used the money as direct evidence to convict Petitioner of three counts of Bank Robbery.

A disclosure that the evidence was missing would have changed the outcome of Petitioner's trial. First, had the jury known that the money was missing and not a part of the record, the jurors would have not have considered this evidence during their deliberations. Further, had the government disclosed to Defense Counsel that the evidence was missing, Counsel would have used the information to impeach Hilliard's testimony at trial. Defense Counsel would argue that, without the evidence to corroborate his testimony, Hilliard's claims are merely the allegations of a convicted felon, who has incentive to testify against Petitioner. Therefore, since the government suppressed evidence, which was material to Petitioner's defense, namely the fact that more than $36,000 was missing from the evidence room, the Court should order a new trial to rectify the violation of Petitioner's Due Process rights.

**II.     Petitioner's Sixth Amendment rights were violated, because Defense Counsel did not adequately inform him about all of the consequences of a plea.**

The Sixth Amendment of the United States Constitution, applicable to the States by the terms of the Fourteenth Amendment, provides that every defendant shall have the assistance of counsel in all criminal prosecutions. *See Missouri v. Frye*, 132 S. Ct. 1399, 1404 (2012). The right to counsel is the right to effective assistance of counsel. *See*

*Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The "Sixth Amendment guarantees a defendant the right to have counsel present at all 'critical' stages of the criminal proceedings." *Montejo v. Louisiana*, 556 U.S. 778, 786, 129 S. Ct. 2079, 173 L. Ed. 2d 955 (2009) (quoting *United States v. Wade*, 388 U.S. 218, 227-228, 87 S. Ct. 1926, 18 L. Ed. 2d 1149 (1967)). Critical stages include arraignments, postindictment interrogations, postindictment lineups, and the entry of a guilty plea. *See Hamilton v. Alabama*, 368 U.S. 52, 82 S. Ct. 157, 7 L. Ed. 2d 114 (1961) (arraignment); *Massiah v. United States*, 377 U.S. 201, 84 S. Ct. 1199, 12 L. Ed. 2d 246 (1964) (postindictment interrogation); *Wade*, 388 U.S. at 227-228 (postindictment lineup); *Argersinger v. Hamlin*, 407 U.S. 25, 92 S. Ct. 2006, 32 L. Ed. 2d 530 (1972) (guilty plea). The American Bar Association recommends defense counsel "promptly communicate *and explain* to the defendant all plea offers made by the prosecuting attorney," (emphasis added) *ABA Standards for Criminal Justice, Pleas of Guilty 14-3.2(a)* (3d ed. 1999), and this standard has been adopted by numerous state and federal courts over the last thirty years. *See, e.g., Davie v. State*, 381 S. C. 601, 608-609, 675 S. E. 2d 416, 420 (2009); *Cottle v. State*, 733 So. 2d 963, 965-966 (Fla. 1999); *Becton v. Hun*, 205 W. Va. 139, 144, 516 S. E. 2d 762, 767 (1999); *Harris v. State*, 875 S.W.2d 662, 665 (Tenn. 1994); *United States v. Rodriguez Rodriguez*, 929 F.2d 747, 752 (CA1 1991) (per curiam); *Pham v. United States*, 317 F.3d 178, 182 (CA2 2003); *Griffin v. United States*, 330 F.3d 733, 737 (CA6 2003).

Petitioner's trial counsel was ineffective, because he did not fully explain the government's offer when he conveyed it to Petitioner. To show prejudice from ineffective assistance of counsel where a plea offer has been rejected because of counsel's

deficient performance, Petitioner must demonstrate a reasonable probability that he would have accepted the earlier plea offer had he been afforded effective assistance of counsel. *See Frye*, 132 S. at 1409. Petitioner must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it. *Id.* To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time. *Id.*

Ineffective assistance of counsel caused Petitioner to miss out on a favorable plea offer. He was not fully informed about all of the consequences of a guilty plea. Specifically, Petitioner was not told about the downward departures that he could receive if, for example, he accepted responsibility for his actions and plead guilty to some of the charges against him. Claims of ineffective assistance of counsel in the plea bargain context are governed by the two-part test set forth in *Strickland v. Washington*. *See Strickland*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674. In a case such as the one before this Honorable Court, where Petitioner challenges the course of legal representation with respect to potential pleas and plea offers, the Court should conduct a *Strickland* inquiry to determine if "the result of the proceeding would have been different," *Strickland*, 466 U.S. at 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This analysis requires the Court to look, not at whether the defendant would have proceeded to trial absent ineffective assistance, but whether he would have accepted the offer to plead pursuant to the terms proposed. *Frye*, 132 S. Ct. at 1410. In order to complete a showing of *Strickland* prejudice, defendants, who have shown a reasonable probability they would

have accepted the earlier plea offer, must also show that, if the prosecution had the discretion to cancel it or if the trial court had the discretion to refuse to accept it, there is a reasonable probability neither the prosecution nor the trial court would have prevented the offer from being accepted or implemented. *Id.* This further showing is of particular importance, because a defendant has no right to be offered a plea, nor a federal right that the judge accept it. *Id.*

In this case, Petitioner asserts that he would have pled to some of the charges, had Defense Counsel explained all of the consequences of a guilty plea. Defense Counsel never discussed the possibility of downward departures. Had Petitioner pled to some of the charges, he certainly would have received a lesser sentence of incarceration. Moreover, there is no indication that the prosecution would have cancelled the plea offer, or that the trial court would have refused to accept it. *Id.* Accordingly, since Petitioner has made a complete showing of *Strickland* prejudice, the Court should order a hearing, so that this issue may be fully explored. *See Strickland*, 466 U.S. 668.

## CONCLUSION

Based on the foregoing, Petitioner respectfully requests this Honorable Court for an Order, authorizing the District Court to consider this successive application for relief under 28 U.S.C. § 2255.

Respectfully Submitted,

/s/ Nino V. Tinari
Nino V. Tinari, Esq.
Attorney for Petitioner

Date: December 7, 2012

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | |
|---|---|
| United States of America | ) |
| | ) |
| v. | ) |
| | ) |
| Nacoe Ray Brown | ) Case No. 1:01-cr-00377-JFM-1 |

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served upon the following this day:

Barbara S. Sale
Office of the United States Attorney
36 S. Charles St., Fourth Floor
Baltimore, MD 21201

Respectfully Submitted,

*/s/ Nino V. Tinari*
Nino V. Tinari, Esq.
Attorney for Petitioner

Dated: December 7, 2012