12/14/12 FRI 12:38 [TX/RX NO 7531] ☑002

AO 243
(Rev. 10/07)

Page 1

# Motion to Vacate, Set Aside, or Correct a Sentence
# By a Person in Federal Custody

### (Motion Under 28 U.S.C. § 2255)

#### Instructions

1.  To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2.  You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3.  Make sure the form is typed or neatly written.

4.  You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5.  Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6.  If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7.  In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8.  When you have completed the form, send the original and two copies to the Clerk of the United States District Court at this address:

    Clerk, United States District Court for _____
    Address
    City, State  Zip Code

9.  <u>CAUTION:</u> You must include in this motion <u>all</u> the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.

10. <u>CAPITAL CASES:</u> If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.

Page 2

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | Maryland (Baltimore) |
|---|---|---|
| Name (under which you were convicted): Nacoe Ray Brown | | Docket or Case No.: 1:01-cr-00377-JFM-1 |
| Place of Confinement: SCI McDowell | | Prisoner No.: Reg. No. 34730-037 |
| UNITED STATES OF AMERICA v. | | Movant (include name under which you were convicted) Nacoe Ray Brown |

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   U.S. District Court of Maryland (Baltimore)


   (b) Criminal docket or case number (if you know): 1:01-cr-00377-JFM-1

2. (a) Date of the judgment of conviction (if you know): 9/26/2002


   (b) Date of sentencing: 12/17/2002

3. Length of sentence: 300 months

4. Nature of crime (all counts):

   18:2113A.F Bank Robbery; 18:2 Aiding & Abetting




5. (a) What was your plea? (Check one)

   (1) Not guilty ☑     (2) Guilty ☐     (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?




6. If you went to trial, what kind of trial did you have? (Check one)     Jury ☑     Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☑

8. Did you appeal from the judgment of conviction?   Yes ☑   No ☐

9. If you did appeal, answer the following:

   (a) Name of court:   United States Court of Appeals for the Fourth Circuit

   (b) Docket or case number (if you know):   03-4060

   (c) Result:   Judgment Affirmed

   (d) Date of result (if you know):   4/30/2004

   (e) Citation to the case (if you know):

   (f) Grounds raised:

   -The district court erred in denying Ptitioner's motion to suppress evidence seized from his residence.
   -The district court erred in admitting into evidence facts relating to Petitioner's attempt to escape from jail while awaiting trial.
   -Petitioner next challenged the district court's decision to excuse a juror over defense objection.
   -The district court abused its discretion in permitting Hilliard to read a letter to the jury that Petitioner wrote on the basis that the letter contained a reference to Petitioner's lack of plea.
   -The district court erred in giving a different jury instruction than the one offered by the defense.

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☑

      If "Yes," answer the following:

      (1) Docket or case number (if you know):

      (2) Result:

      (3) Date of result (if you know):

      (4) Citation to the case (if you know):

      (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
    Yes ☑   No ☐

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court:   United States Court of Appeals for the Fourth Circuit

       (2) Docket or case number (if you know):   Civil Action AMD-04-300

       (3) Date of filing (if you know):   11/1/2004

(4) Nature of the proceeding:   MOTION to Vacate under 28 U.S.C. 2255

(5) Grounds raised:

   Prosecutorial Misconduct; Ineffective Assistance of Counsel

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes ☐  No ☑

(7) Result:   Relief denied.

(8) Date of result (if you know):  4/5/2006

(b) If you filed any second motion, petition, or application, give the same information:

   (1) Name of court:   United States Court of Appeals for the Fourth Circuit

   (2) Docket or case number (if you know):   JFM-11-cv-1166

   (3) Date of filing (if you know):  5/2/2011

   (4) Nature of the proceeding:  MOTION to Vacate under 28 U.S.C. 2255

   (5) Grounds raised:

   Judge Davis, the trial judge, had personal knowledge of disputerd facts.

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes ☐   No ☑

(7) Result:   Relief denied.

(8) Date of result (if you know):  1/12/2012

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

   (1)  First petition:       Yes ☑  No ☐

   (2)  Second petition:    Yes ☑  No ☐

Page 5

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

GROUND ONE:

Newly-discovered evidence, which would establish that no reasonable factfinder could find guilt.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The more than 700 pages, which the FBI has not released to Petitioner, will prove that the money, used as evidence to convict Petitioner, was stolen during his trial. Had the jury known that the money was not a part of the evidentiary record and could not be examined, the jurors would not have convicted Petitioner of three counts of Bank Robbery.

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

The discovery about the FBI documents occurred in the summer of 2012.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Page 6

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

Yes ❏    No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❏    No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❏    No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

The discovery about the FBI documents occurred in the summer of 2012.



GROUND TWO:

Petitioner's Due Process rights were violated.

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

The documents, which the FBI has not released, will show that, before the jury returned its verdict, the government knew that evidence – the money – was missing.  Under the Due Process Clause, the prosecution is required to disclose evidence favorable to an accused upon request.

Page 7

(b) Direct Appeal of Ground Two:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ☑

    (2) If you did not raise this issue in your direct appeal, explain why:

    The discovery about the FBI documents occurred in the summer of 2012.

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ☑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

Page 8

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

The discovery about the FBI documents occurred in the summer of 2012.

**GROUND THREE:**

Petitioner's Sixth Amendment rights were violated.

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Petitioner was not fully informed about all of the consequences of a guilty plea.  Specifically, Petitioner was not told about the downward departures that he could receive if, for example, he accepted responsibility for his actions and plead guilty to some of the charges against him.

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☑   No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☑   No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:  MOTION to Vacate under 28 U.S.C. 2255

Name and location of the court where the motion or petition was filed:

Unitd States Court of Appeals for the Fourth Circuit

Docket or case number (if you know):  AMD-04-3500

Date of the court's decision:  4/5/2006

Page 9

Result (attach a copy of the court's opinion or order, if available):

See attached opinion.

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☑   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☑   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

US Court of Appeals for the Fourth Circuit

Docket or case number (if you know):   06-6770

Date of the court's decision:   10/10/2006

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

GROUND FOUR:

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Page 10

(b)  Direct Appeal of Ground Four:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

       Yes ❑  No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

(c)  Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

       Yes ❑  No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

       Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

       Yes ❑  No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

       Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

Page 11

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Grounds One and Two have not been previously raised, because they are based on evidence that was discovered in the summer of 2012.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?     Yes ❑  No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

Kenneth W Ravenell, One South St., 23rd Fl., Baltimore, MD 21202

(d) At sentencing:

Kenneth W Ravenell, One South St., 23rd Fl., Baltimore, MD 21202

    (e) On appeal:

    (f) In any post-conviction proceeding:

    (g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☑ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐ No ☑

    (a)  If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:

    (c) Give the length of the other sentence:

    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ☐  No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

The motion is based on newly-discovered evidence, which was discovered in the summer of 2012.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.



Page 14

Therefore, movant asks that the Court grant the following relief:

vacate, set aside, or correct the sentence

or any other relief to which movant may be entitled.

_N. V. Ti_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct
and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on
(month, date, year).

Executed (signed) on _____ (date).

N. V. Ti ON BEHALF OF
NACOE RAY BROWN

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not
signing this motion.

NINO V. TINARI, ESQ. REPRESENTS THE MOVANT AND SIGNS ON
HIS BEHALF.

12/14/12 FRI 12:38 [TX/RX NO 7531] ☑016



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NACOE RAY BROWN,
Movant

v.

UNITED STATES of AMERICA,
Respondent

:
:
:
:
:
:
:
:
:

CRIMINAL NO. AMD 01-0377
CIVIL NO. AMD 04-3500

...oOo...

MEMORANDUM OPINION

Nacoe Ray Brown, who was convicted after a two week jury trial of bank robbery, has filed a timely "Motion to Vacate, Set Aside, or Correct Illegal Sentence" pursuant to 28 U.S.C. § 2255, and a motion for a new trial based on "newly discovered evidence" pursuant to Fed.R.Crim.P. 33. The government has filed its response to the former. No hearing is necessary.

I.

Brown was indicted on four counts of bank robbery and he was convicted on three of the counts (the jury failed to reach a verdict as to one count). The substantial direct and circumstantial evidence produced by the government at trial included the following: (1) the testimony of Brown's accomplice, who pled guilty pursuant to a cooperation plea agreement; (2) evidence seized pursuant to search warrants from the residences of the accomplice (including more than $60,000 in bank robbery proceeds) and Brown (including theatrical costumes and related paraphernalia worn during the robberies); (3) numerous identifications

of Brown by witnesses/victim tellers; (4) testimony and evidence surrounding law enforcement officers' surveillance of Brown and his accomplice and their arrest in advance of a planned bank robbery; and (5) video depictions of three of the robberies showing Brown committing the crimes. As the bank robberies were all "vault jobs" the total loss exceeded a quarter of a million dollars.

Brown's retained counsel put on a vigorous defense in the face of overwhelming evidence of guilt, including his conduct in an extended pre-trial evidentiary hearing in connection with motions to suppress evidence, his cross-examination of government witnesses, and his arguments to the jury designed to show weaknesses in the government's mosaic of proof. Counsel's efforts were not aided when, during his pre-trial incarceration, Brown attempted to escape from the local detention center in which he had housed by the United States Marshal (an attempt for which he was indicted), thereby opening the door to the admission of "consciousness of guilt" evidence, including the testimony of his accomplice in the escape attempt, who was herself also indicted and pled guilty.

Brown appealed. The United States Court of Appeals for the Fourth Circuit affirmed his convictions and 25 year sentence.

## II.

In his motion to vacate, Brown has asserted three grounds for relief: (1) that his sentence is illegal because he was sentenced for armed bank robbery pursuant to 18 U.S.C.

12/14/12 FRI 12:38 [TX/RX NO 7531] @018

§ 2113(a),(d) although he used a toy weapon; (2) prosecutorial misconduct depriving him of a fair trial; and (3) ineffective assistance of counsel (in numerous respects). Examination of these claims reveals that he is entitled to no relief as to any of them.

III.

A

Brown's assertion that because he employed a toy weapon in committing the robberies he is not subject to an enhanced penalty for bank robbery is simply incorrect. *See United States v. Hamrick,* 43 F.3d 877, 882-83 (4th Cir.1995) (unloaded, inoperable, or fake weapon may constitute dangerous weapon for purposes of armed bank robbery statute) (citing *McLaughlin v. United States,* 476 U.S. 16, 17-18 & n. 3 (1986)); *United States v. Garrett,* 3 F.3d 390 (11th Cir.1993)(toy gun)(per curiam), *cert. denied,* 510 U.S. 1130 (1994).[1]

B

The claim of prosecutorial misconduct (which also is the basis for the motion for new trial based on newly-discovered evidence) arises from the following circumstances.

The government briefly introduced during its case-in-chief the bank robbery proceeds

---

[1]The court instructed the jury as follows: "If you find beyond a reasonable doubt that the defendant displayed a weapon, you need not consider whether the weapon was loaded or whether the weapon was operable; the law requires only that the defendant display the weapon. *Furthermore, it is not a defense to this element that the weapon was not a real weapon, as long as it appeared to those present to be a dangerous weapon.*"

3

that had been seized from a safe in the apartment of Brown's accomplice. The cash had been counted and then packaged in three heat-sealed, see-through plastic containers, in which condition they were displayed to the jury. At some point as the end of the trial neared, one of the three packages of cash went missing and has never been recovered. The FBI has conducted (and apparently continues to conduct) a formal investigation into the loss of this evidence.

Drawing on media reports that have suggested that one of the Assistant United States Attorneys who prosecuted this case, now deceased, may have come under suspicion in connection with the missing evidence, Brown asserts that the circumstances surrounding the missing evidence give rise to a claim of prosecutorial misconduct, and that he was therefore deprived of a fair trial. This conclusory claim is not merely without merit, as asserted by Brown it is essentially incoherent and will not be further discussed.[2]

C.

Finally, relying on the circumstances of the missing robbery proceeds, Brown has attempted to convert his argument of prosecutorial misconduct into claims of ineffective

---

[2]The most coherent strand of Brown's claim of prosecutorial misconduct based on the missing evidence seems to be his assertion that the jury was deprived of an opportunity to see the cash during deliberations, and in particular, to determine whether the wrappers around the stacks of cash bore the stamp of the victim banks. The jury saw this evidence and heard testimony regarding it during trial, most particularly from Brown's accomplice, who admitted that he stored his share of the robbery proceeds in a safe in his apartment. It is clear beyond a doubt that Brown was not prejudiced by the fact that one of the three plastic containers of cash turned up missing at the end of the trial.

4

assistance of counsel. That is, Brown contends that his lawyer either failed to inform him promptly of the missing evidence or, assuming (as counsel contends) that counsel learned that the evidence was missing at a later time than Brown asserts, that counsel failed: (1) to seek discovery on this issue; (2) to "cross examine" the prosecutors on this issue; (3) to brief and argue on appeal such issues; and, in other ways, (4) failed to make tactical or strategic use of the missing evidence in his representation of Brown at sentencing or on appeal.[3]

Claims of ineffective assistance of counsel are considered under the familiar standards of *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, Brown has the burden of demonstrating (1) the attorney's performance was inadequate to the point where it was not "within the range of competence demanded of attorneys in criminal cases" and (2) there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687-94.

To the extent they are coherent at all, Brown's fantastic theories concerning the missing evidence and its alleged impact on the reasonableness of his counsel's performance or on the fairness of his trial and its outcome do not come near a showing sufficient to establish a claim under *Strickland*. Counsel correctly determined that the missing evidence was irrelevant to his task of attempting to obtain a more favorable outcome of the

---

[3]Brown also relies on the "toy gun" issue to craft certain allegations of ineffective assistance of counsel. These claims fare no better as ineffective assistance claims as they do under a due process rubric.

5

proceedings on Brown's behalf.

IV.

Each of Brown's claims under 28 U.S.C. § 2255 lacks merit, as does his motion for a new trial.[4] Accordingly, the motions to vacate and for a new trial shall be denied. An Order follows.

Filed: April 5, 2006

ANDRE M. DAVIS
UNITED STATES DISTRICT JUDGE

---

[4]To be sure, Brown also asserts that he instructed his counsel to file an application for a writ of *certiorari* in the Supreme Court of the United States and that counsel failed to do so. The court concludes that in its judgment, even crediting this assertion by Brown, there is no reasonable likelihood that any professionally defensible application for writ of *certiorari* filed with the Supreme Court based on the record in this case would have been granted. In any event, Brown cannot be unconstitutionally deprived of that which the Constitution does not provide. *See Ross v. Moffitt*, 417 U.S. 600 (1974)(holding that the federal constitution does not afford a right to counsel in connection with a request for discretionary review).

6